| | |
|---|---|
| BROADCAST MUSIC, INC.; INTERIOR MUSIC CORP.; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC; SONGS OF UNIVERSAL, INC.; HOUSE OF CASH, INC.; WELSH WITCH MUSIC; EMI BLACKWOOD MUSIC, INC.; WARNER-TAMERLANE PUBLISHING CORP.; GARDEN ANGEL MUSIC; STILL WORKING FOR THE MAN MUSIC, INC.; CONSTANT PRESSURE PUBLISHING; FOURTEENTH HOUR MUSIC, INC.; SPRINGTIME MUSIC, INC.; ARC MUSIC CORP.; COBURN MUSIC, INC.; RISING GORGE MUSIC; NOTHING BUT THE WOLF MUSIC; SONY/ATV SONGS LLC; SHAWN CAMP MUSIC; SHOWBILLY MUSIC; DON COOK MUSIC; BUFFALO PRAIRIE SONGS; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; UNIVERSAL MUSIC MGB NA LLC d/b/a UNIVERSAL MUSIC CAREERS; STEVE O'BRIEN MUSIC; PAINTED DESERT MUSIC CORPORATION; TOKECO TUNES; BIG YELLOW DOG LLC d/b/a BIG YELLOW DOG MUSIC; HINDER MUSIC CO., A DIVISION OF HINDER PUBLISHING LLC; NASHVILLE STAR MUSIC, A DIVISION OF REVEILLE MUSIC PUBLISHING LLP; CARNIVAL MUSIC COMPANY d/b/a TILTAWHIRL MUSIC, | |
| Plaintiffs, | CIVIL ACTION NO.: |
| v. | |
| RICHARD L. WILLIS, individually and d/b/a RICOCHET'S BILLIARD CAFÉ, | |
| Defendant. | |

# COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendant, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Interior Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Concord Music Group, Inc. is a corporation d/b/a Jondora Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Garden Angel Music is a sole proprietorship owned by Jennifer Kimball. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Still Working For The Man Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Constant Pressure Publishing is a sole proprietorship owned by Terry A. McBride. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Fourteenth Hour Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Springtime Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Arc Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff Coburn Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Plaintiff Rising Gorge Music is a sole proprietorship owned by Dennis N. Linde. This Plaintiff is the copyright owner of at least one of the songs in this matter.

22. Plaintiff Nothing But The Wolf Music is a sole proprietorship owned by John Scott Sherrill. This Plaintiff is the copyright owner of at least one of the songs in this matter.

23. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

24. Plaintiff Shawn Camp Music is a sole proprietorship owned by Darrell De Shawn Camp. This Plaintiff is the copyright owner of at least one of the songs in this matter.

25. Plaintiff Showbilly Music is a sole proprietorship owned by Ronnie Gene Dunn. This Plaintiff is the copyright owner of at least one of the songs in this matter.

26. Plaintiff Don Cook Music is a sole proprietorship owned by Don Kirby Cook. This Plaintiff is the copyright owner of at least one of the songs in this matter.

27. Plaintiff Buffalo Prairie Songs is a partnership owned by Leon E. Brooks a/k/a Kix Brooks and Barbara Dunlap Brooks. This Plaintiff is the copyright owner of at least one of the songs in this matter.

28. Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

29. Plaintiff Universal Music MGB NA LLC is a limited liability company d/b/a Universal Music Careers. This Plaintiff is the copyright owner of at least one of the songs in this matter.

30. Plaintiff Steve O'Brien Music is a sole proprietorship owned by Steve O'Brien. This Plaintiff is the copyright owner of at least one of the songs in this matter.

31. Plaintiff Painted Desert Music Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

32. Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is the copyright owner of at least one of the songs in this matter.

33. Plaintiff Big Yellow Dog LLC is a limited liability company d/b/a Big Yellow Dog Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

34. Plaintiff Hinder Music Co. is a division of Hinder Publishing LLC. This Plaintiff is the copyright owner of at least one of the songs in this matter.

35. Plaintiff Nashville Star Music is a division of Reveille Music Publishing LLP. This Plaintiff is the copyright owner of at least one of the songs in this matter.

36. Plaintiff Carnival Music Company is a corporation d/b/a Tiltawhirl Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

37. Defendant, Richard L. Willis, owns, operates, maintains and controls an establishment known as Ricochet's Billiard Café, located at 108 N. 2nd Street, Odessa, MO 64076, in this district. In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

38. Defendant, Richard L. Willis, has a direct financial interest in Ricochet's Billiard Café.

## CLAIMS OF COPYRIGHT INFRINGEMENT

39. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 38.

40. Plaintiffs allege twenty-four (24) claims of copyright infringement, based upon Defendant's unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendant.

41. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendant. The Schedule contains information on the twenty-four (24) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

42. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

43. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

44. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

45. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendant publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendant has committed copyright infringement.

46. The specific acts of copyright infringement alleged in the Complaint, as well as Defendant's entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendant threatens to continue committing copyright infringement. Unless this Court restrains Defendant from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendant, his agents, servants, employees, and all persons acting under his permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendant be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendant be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: April 8, 2015	ARMSTRONG TEASDALE LLP


BY: /s/ Eric M. Walter
    Eric M. Walter    #47297MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    ewalter@armstrongteasdale.com

ATTORNEY FOR PLAINTIFFS